IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MILTON ALVERNIA PABON,**

     Petitioner,

     v.                              Civil No. **3:26CV230 (RCY)**

**JEFFREY CRAWFORD,** *et al.***,**

     Respondents.

**MEMORANDUM OPINION**

Milton Alvernia Pabon ("Petitioner"), a detainee of United States Immigration and Customs Enforcement ("ICE"), filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, challenging the lawfulness of his detention ("§ 2241 Petition," ECF No. 1). Petitioner alleges, *inter alia*, that Respondents' application of 8 U.S.C. § 1225(b)(2) to mandate his detention is without legal basis. § 2241 Pet. at 6.[1] For the reasons set forth below, the § 2241 Petition will be DENIED.

**I. BACKGROUND**

In the § 2241 Petition, Petitioner, who is a native of Colombia, *see* § 2241 Pet. at 7, attests as follows:

> I am detained under 8 USC 1226(a). However, because of *Matter of Yajure Hurtado*, [29 I&N Dec. 216 (BIA 2025),] the immigration court will not give me a bond hearing because it thinks I am detained under 1225(b). But I was detained within the US and am not an applicant for admission. I have also not been convicted of or arrested for any crime that requires me to be detained. Therefore, I am not subject to mandatory detention as the government alleges.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

*Id.* at 6 (case name italicization added).  Petitioner requests that the Court grant his § 2241 Petition and "order [his] release from ICE custody or, in the alternative, to order a fair bond hearing."  *Id.* at 8.

On April 1, 2026, the Court directed Respondents Jeffrey Crawford and Robert Guardian ("Respondents") to file a responsive pleading within thirty days.  ECF No. 3 ¶ 4.  On May 1, 2026, Respondents filed an Opposition to the § 2241 Petition.  ECF No. 7.  In their Opposition, Respondents submitted documentation stating that Petitioner entered the United States on or around March 21, 2023, on which date

> the United States Border Patrol [ ] encountered [Petitioner] near San Luiz, A[rizona and] determined that he was in the United States illegally.  [Border Patrol] agents served [Petitioner] with a Notice to Appear before an immigration judge charging him under section 212(a)(6)(A)(i) of the Immigration and Nationality Act [ ].  [Border Patrol] released [Petitioner] on his own recognizance with instructions to report to the local ICE/ERO office.  [Petitioner] failed to report.

ECF No. 7-2, at 2.  This document further states that, on June 3, 2025, the Paterson, New Jersey, Police Department arrested Petitioner "for the offense of Aggravated Assault- Domestic Violence, in violation of N.J.S.A. 2C:12-1B(2), Terroristic Threats, in violation of N.J.S.A. 2C:12-3B, Criminal Restraint, in violation of N.J.S.A. 2C:13-2A, and Unlawful Possession of a Weapon, in violation of N.J.S.A. 2C:39-5D."  *Id.*  Those charges, according to Respondents, remain pending.  ECF No. 7, at 2; *see* ECF No. 7-2, at 2.

Immigration officials newly arrested Petitioner on July 3, 2025, in Paterson and transported him to a facility in Newark, New Jersey.  ECF No. 7-2, at 2.  After his arrest, Petitioner "requested a custody redetermination," resulting in a bond hearing being held on August 21, 2025, at which

2

the Immigration Judge found, as an alternative finding, that Petitioner posed a danger to the community and was a flight risk.  ECF No. 7-1, at 1.[2]

On the basis of this evidence, Respondents assert that Petitioner is not entitled to another bond hearing.  ECF No. 7, at 2.  They further contend that, unlike other recent cases in which this Court has found detainees to be held pursuant to 8 U.S.C. § 1226(a), Petitioner here is indeed being held pursuant to 8 U.S.C. § 1225(b), and the § 2241 Petition should therefore be denied outright. *Id.* at 2–19.

Pursuant to the Court's April 1, 2026 Memorandum Order, Petitioner had fourteen days from the filing of Respondents' Opposition to file any response.  *See* ECF No. 3 ¶ 8.  Petitioner did not file any formal brief in response but has filed a letter in which he identifies various problems he and his family members are currently facing, *see* ECF No. 8, as well as a collection of documents, including letters from community members who suggest that Petitioner is a caring and hardworking son and father, *see* ECF No. 8-1.

## II.  STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  *Id.*  "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States."  *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted).  After receiving

---

[2] Citing *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025), the Immigration Judge first found that Petitioner is "an applicant for admission" subject to mandatory detention.  *See* ECF No. 7-1, at 1.  As discussed below, the Court does not address that finding or Respondents' additional contentions that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3

the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

### III.  ANALYSIS

Respondents argue in their Opposition that the § 2241 Petition should be denied because Petitioner has already received a bond hearing at which the Immigration Judge found—as an alternative to the finding that Petitioner was subject to mandatory detention—that Petitioner was a danger to the community and a flight risk.  ECF No. 7 at 2; ECF No. 7-1 at 1.

Without addressing the Government's arguments that Petitioner is detained pursuant to 8 U.S.C. § 1225 rather than § 1226, the Court finds that it may not grant Petitioner relief because, even if he is being held subject to § 1226, he has already received a bond hearing at which an Immigration Judge found that he was a flight risk or danger.  *See Osbeli L. v. Green*, No. 18-2579 (ES), 2018 WL 3574879, at *3 (D.N.J. July 25, 2018) ("[W]here a § 1226(a) detainee was provided with a bona fide bond hearing, this Court may not grant him a new bond hearing or order his release, and the petitioner seeking review of the bond decision must instead either appeal the bond denial to the Board of Immigration Appeals or seek his release through filing a request with immigration officials for a bond redetermination." (citation omitted)).  As the Honorable Leonie M. Brinkema found earlier this year in a comparable case:

> Unlike many other habeas matters filed recently before this Court in which petitioners argue that they are entitled to a bond hearing, the petitioner here has already received a bond hearing after being detained by ICE.  Specifically, on December 16, 2025, an Immigration Judge held a bond hearing and denied petitioner's request for a change in custody status for two reasons: first, that the Immigration Court lacked jurisdiction in accordance with the *Matter of Yajure Hurtado*, 27 1. & N. Dec. 216 (BIA 2025), and second—and in the alternative— that "the respondent is a danger to the community given the circumstances of the 2020 arrest." [Dkt. No. 4-1] at 14.
>
> Although the jurisdictional finding conflicts with this Court's holdings in numerous cases, the alternate finding satisfies this Court that petitioner has received

a bond hearing. Based on the Immigration Judge's independent grounds for denying bond, Salinas-Rodas's Petition is moot because he has already received the only relief he can obtain from this Court: a bond hearing before an Immigration Judge, who must determine whether he poses a danger to the community, and whether he is a flight risk. Because he has received this relief, Salinas-Rodas's only recourse is to file a timely appeal of the Immigration Judge's December 16, 2025, Order denying a bond. 8 C.F.R. § 1003.38. There is nothing further that this Court can do. *See Mathews v. Diaz*, 426 U.S. 67, 81 (1976). *See also Santos Garcia v. Garland*, 2022 WL 989019, at *7 (E.D. Va. Mar. 31, 2022).

*See* Order at 4–5, *Salinas-Rodas v. Bondi, et al.*, No. 1:26-cv-75 (LMB/WBP) (E.D. Va. Jan. 23, 2026), ECF No. 6.

In short, here, because Petitioner has already received a bond hearing, the Court need not determine whether he is being held pursuant to 8 U.S.C. § 1225(b) or § 1226(a). Indeed, in either event, Petitioner has received the relief he requested in the § 2241 Petition, which is all that this Court is able to provide in present circumstances. Accordingly, the § 2241 Petition is DENIED as MOOT.

## IV. CONCLUSION

For the above reasons, the § 2241 Petition (ECF No. 1) will be DENIED, and this action will be DISMISSED.

An appropriate Final Order will issue.

_____ /s/ _____
Roderick C. Young
United States District Judge

Date: May 28, 2026
Richmond, Virginia